a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ROSS BANKS #05834-025,<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-01025<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| J W COX,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by pro se Petitioner Robert Ross Banks ("Banks"). Banks is incarcerated at the United States Penitentiary in Pollock, Louisiana. He complains that he is being denied the application of time credits under the First Step Act of 2018 ("FSA"), P.L. 115-391, § 102(b)(1), 132 Stat 5194, 5210.

Because Banks is not entitled to the relief sought, the Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Banks alleges that his sentence has been improperly calculated under the FSA and Bureau of Prisons ("BOP") Program Statement 5410.01. He also asserts that he became eligible for pre-release custody on December 6, 2023. *Id.* at 5-6.

Banks asks that the Court direct the BOP to provide a new Projected Release Date as defined in Program Statement 5410.01, Subsection 523.44(c); a written calculation of the maximum amount of First Step Act credits he will earn; an

1

individualized determination of all available pre-release/community programs; and that his sentenced be recalculated with all prescribed release eligibility dates. ECF No. 1-2 at 7-8.

## II. Law and Analysis

### A. Banks is not entitled to an earlier release from custody.

The FSA amended 18 U.S.C. § 3621, which governs the calculation of federal prison sentences. Section 102(b) of the FSA also amended 18 U.S.C. § 3624(b), allowing federal inmates to earn additional time credits. *See* P.L. 115-391, § 102(b)(1).

Under the FSA, the BOP can award inmates a maximum of 54 days of good time credits per year of their imposed sentence rather than 54 days of credit per year of their sentence served.

The FSA also allows eligible inmates who successfully complete evidence-based recidivism reduction programming and productive activities to receive additional earned time credits to be applied toward time in either pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn 10 days of credit for every 30 days of successful participation programming. *See id.* Additionally, eligible inmates who have been assessed a minimum or low risk of recidivism and maintain the low risk of recidivism over two consecutive assessments, may earn an additional five days of time credit for every 30 days of successful participation. *See id.*

However, there are two critical differences between good time credits and earned time credits. First, good time credits entitle a prisoner to a reduction in his sentence. Earned time credits are not quite so straightforward. Prisoners who earn time credits through the successful completion of programming may not be able to apply those credits. See 18 U.S.C. § 3624(g)(1)(D). Instead, application of earned time credits is contingent on maintaining a minimal or low risk of recidivism as assessed by the BOP or, alternatively, receiving an exception to that requirement from the warden of the facility where the prisoner is detained. *Id.* Even when a prisoner may apply earned time credits, § 3632(d)(4)(C) directs that those credits may be applied by the BOP "toward time in prerelease custody or supervised release."

Second, unlike good time credits accumulated under § 3624(b), earned time credits are not a general entitlement. Instead, prisoners are merely afforded the opportunity to earn credits by participating in recidivism-reduction programming.

An inmate is eligible—at the BOP's discretion—to have credits applied to prerelease custody and/or an early transfer to supervised release once the inmate has earned time credits equal to the remainder of his sentence and otherwise meets the eligibility criteria. *See* 18 U.S.C. § 3624(g)(1)-(2).

The BOP has exercised its discretion to automatically apply up to 365 earned time credits to early transfer to supervised release for inmates that meet certain requirements. *See* Program Statement 5410.01. Any remaining credits may be applied to pre-release custody transfers. *Id.* Prerelease custody, however, is just

3

another form of BOP custody. *See* 18 U.S.C. § 3624(g)(2). It does not change the length of duration of confinement.

The Government establishes that Banks started earning time credits on December 21, 2018, in accordance with 28 C.F.R. § 523.42(b). He earned at a rate of 10 days per month from December 21, 2018, through July 17, 2019. Thereafter, his earning rate increased to 15 days per month. As of December 31, 2023, Banks earned 870 credits (based on 1803 completed programming days), of which 365 days were automatically applied towards early transfer to supervised release, and the remaining 505 days may be applied to an early transfer to prerelease custody. *See* ECF No. 8-2 at 2, 3; 8-3.

Without considering the earned credits, Banks's projected good time release date is September 11, 2028. *Id.* After the automatic application of 365 days of earned time credits, Banks's release date advances to September 12, 2027. *Id.* The additional 505 days of credit may be applied to a prerelease custody transfer. Accordingly, the earliest date he could transfer to prerelease custody is April 25, 2026.

Under the FSA, credits are only earned for successful completion of programming. *See* 18 U.S.C. § 3632(d)(4)(A)(ii). Assuming he remains eligible and continues programming, Banks may earn another 15 credits for every 30 days that he remains in custody. But Banks incorrectly includes those future projected programming credits in his time calculations. Time credits under the FSA "will not be applied towards an inmate's release date unless earned." BOP Program Statement 5410.01; *see, also, Nicoletti v. Bayless*, 5:23-CV-120, 2023 WL 8532709, at *6 (N.D.W.

Va. Nov. 15, 2023), *report and recommendation adopted*, 2023 WL 8369512 (N.D.W. Va. Dec. 4, 2023).

Accordingly, Banks is not entitled to use potential earned time credits to obtain an earlier transfer to supervised release.

B. <u>Banks is not entitled to be transferred to prerelease custody.</u>

An inmate has no protectable liberty interest in his custodial classification, or in being housed at a particular facility or custody level. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). The Constitution does not guarantee an inmate will be placed in a prison facility with any particular security classification. *See Meachum v. Fano*, 427 U.S. 215 (1976).

The decision of whether – and, if so, for how long – to place an inmate in a residential reentry center ("RRC") is committed to the BOP under statutory authority. *See Brown v. Underwood*, 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019); *Meade v. Maiorana*, No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015). And the FSA did not alter this commitment. *See id.* (citing, e.g., *United States v. Curry*, No. 6:06-CR-082, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the Attorney General the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.")).

Therefore, Banks is not entitled to be transferred to prerelease custody.

III. <u>Conclusion</u>

Because Banks is not entitled to a speedier release from custody or transfer to another facility, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to seeking relief if his confinement becomes unconstitutional.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 6, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE